IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHUNG CHENG YEH, a/k/a ALEX YEH,<br><br>Defendant.<br>_____/ | No. CR 10-00231 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

In this criminal prosecution alleging a conspiracy in restraint of trade in violation of Section 1 of the Sherman Act, counsel for defendant, who is located in Taiwan, filed a motion to dismiss based on the statute of limitations, contending that the complaint was filed over five years after defendant withdrew from the conspiracy. The government opposes defendant's pre-arraignment motion to dismiss on the grounds that defendant has failed to enter the United States and submit to this Court's jurisdiction, that the motion relies on facts appropriate for proof at trial, and that the statute of limitations was tolled. For the reasons stated below, the motion to dismiss is **DENIED WITHOUT PREJUDICE**.

## STATEMENT

Defendant Chung Cheng Yeh was charged with participating in a conspiracy to suppress and eliminate competition in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. 1. Specifically, the criminal indictment alleges that the conspiracy was concerned with

1  suppressing and eliminating competition in the market for color display tubes, which are
2  specialized cathode ray tubes used in computer monitors and similar electronic products (Dkt.
3  No. 1 at ¶ 9). The indictment, filed on March 30, 2010, alleges that defendant is a resident of
4  Taiwan and that, from "at least as early as May 1999 and continuing until at least March 2005,
5  [defendant] was employed by Company A . . . ." (*id.* at ¶ 6). During the relevant time period,
6  "Company A" was a Taiwanese company that produced and sold color display tubes to
7  customers in the United States and elsewhere (*ibid.*). Defendant is alleged to have joined and
8  participated in the conspiracy "from at least as early as May 1999 and continuing until at least
9  March 2005" (*id.* at ¶ 3).

10  Defendant resides in and is a citizen of Taiwan. He has never come to the United States
11  and submitted to the jurisdiction of the district court. Instead, from afar, he has engaged lawyers
12  to appear and seek to dismiss the indictment. Counsel assert that the charged crime is not a
13  crime under the laws of Taiwan. "For this reason, and because Taiwan does not have an
14  extradition treaty with the United States, Taiwan has not caused [defendant] to be extradited to
15  the United States" (Br. 7). Counsel claim that the accused was not in the United States during
16  the period alleged in the indictment. Chung Cheng Yeh, to repeat, has not appeared before this
17  Court to be arraigned on the pending criminal charge.

18  Counsel now seek to have the action against defendant dismissed on the ground that the
19  applicable statute of limitations has run. Counsel contend that defendant's resignation on March
20  18, 2005, from Company A, which is identified as Chunghwa Picture Tube Ltd., constituted a
21  withdrawal from the alleged conspiracy. As the limitations period began to run upon
22  defendant's withdrawal, they argue, the filing of the indictment on March 30, 2010, was outside
23  the applicable five-year limitations period.

**ANALYSIS**

25  The government claims that the fugitive disentitlement doctrine should bar defendant
26  from having his motion to dismiss considered at this time, because defendant has not submitted
27  to the jurisdiction of this Court and has not been arraigned. In *Molinaro v. New Jersey*, 396 U.S.
28  365 (1970), the Supreme Court declined to adjudicate a criminal appeal in which the

defendant/appellant had refused to surrender to state authorities after his conviction. *Molinaro* stated:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for a determination of his claims.

*Id.* at 366. The principle that those who have fled federal jurisdiction should not be entitled to avail themselves of the benefits of the court system is known as the fugitive disentitlement doctrine. The doctrine is equitable, not jurisdictional. Therefore, application of the doctrine is discretionary. *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1054–55 (9th Cir. 1991).

Our court of appeals has applied the doctrine to dismiss appeals in criminal and immigration actions where the party seeking relief has fled from the jurisdiction. *See, e.g., Parretti v. United States*, 143 F.3d 508, 509 (9th Cir. 1998) (en banc); *Antonio-Martinez v. I.N.S.*, 317 F.3d 1089, 1092 (9th Cir. 2003). Our court of appeals has identified several rationales underlying the doctrine, including denying to those who have fled jurisdiction any benefits of the court system, avoiding making decisions that could not be enforced, deterring flight, assuring an effective adversary process, and serving the interest in "efficient, dignified appellate practice." *Paretti*, 143 F.3d at 511.

While our court of appeals has not addressed whether the fugitive disentitlement doctrine applies to pretrial motions in criminal cases, other courts have applied the doctrine to defer ruling on pre-arraignment motions filed by defendants who have purposely absented themselves from the jurisdiction to avoid arrest and arraignment in the criminal actions pending against them. *See*, *e.g.*, *United States v. Oliveri*, 190 F. Supp. 2d 933, 936 (S.D. Tex. 2001) (Judge Simeon Lake); *United States v. Eagleson*, 874 F.Supp. 27, 29–31 (D.Mass. 1994) (Judge Nathaniel Gorton); *United States v. Stanzione*, 391 F.Supp. 1201, 1202 (S.D.N.Y. 1975) (Judge Whitman Knapp); *United States v. Grajales-Lemos*, No. CR 94-621, 2012 WL 1405712 (S.D. Fla. Mar. 27, 2012) (Magistrate Judge Barry Garber).

This order will not reach the merits of defendant's motion at this time, as to do so would essentially be to give defendant an advisory opinion on whether a statute of limitations defense would fly. "As of now, defendant is willing to enjoy the benefits of a legal victory, but is not at all prepared to accept the consequences of an adverse holding." *Stanzione*, 391 F. Supp. at 1202. Counsel have made defendant's position clear that he believes he is under no legal obligation to travel to the United States to be arraigned on the pending charge. Accordingly, it appears that if defendant's motion were to be denied on the merits, "defendant would remain a fugitive from justice, making it impossible to bring his case to final resolution." *Ibid.*

Contrary to counsel's contention, this case is unlike the Seventh Circuit's decision in *In re Hijazi*, 589 F.3d 401, 408 (7th Cir. 2009). In *Hijazi*, the Seventh Circuit faced primarily legal issues regarding the extraterritorial application of the statute in question and whether the court had personal jurisdiction over the defendant, who was located in Kuwait. In contrast, here, factual development will weigh heavily in determining the instant motion. As counsel's own contentions illustrate, the record herein requires further development. In their motion, counsel request an evidentiary hearing to further develop facts as necessary, and further seek to require the government to disclose information regarding the partially unsealed order purportedly suspending the running of the statute of limitations under 18 U.S.C. 3292, submitted by the government along with its opposition to counsel's motion. Furthermore, and unlike *Hijazi*, the Taiwanese government has not indicated that it would not extradite defendant, were the United States to so apply (at least as far as this Court is currently aware). As such, this case has not reached a similar deadlock requiring the determination of fundamental jurisdiction matters, as was the case in *Hijazi.*

This order acknowledges that defendant has not yet been convicted. Until he is willing to submit his case for complete adjudication, however, he should not be permitted to utilize the resources of the court to determine isolated issues, or to obtain further discovery. The defendant in *Molinaro* had at least submitted to the jurisdiction of the state court and then fled. Our defendant has not even done the first step. It would be a waste of resources to adjudicate

advisory opinions at his behest.  Accordingly, and for the reasons stated above, the motion to dismiss the indictment is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  May 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE